IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ILIANA GUTIERREZ, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| STAR FAMILY HEALTHCARE AND | ) | |
| WELLNESS CENTER, LLC, | ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |
| _____ | | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Iliana Gutierrez ("Plaintiff"), and files this Complaint against Defendant Star Family Healthcare and Wellness Center, LLC ("Defendant") stating the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is a Georgia limited liability company and resides in this jurisdiction. A substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.    Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From approximately April 17, 2017 to April 16, 2018, Plaintiff was employed by Defendant as a clerical worker at Defendant's medical practice.

7.

Throughout Plaintiff's employment with Defendant, Plaintiff's primary duty was the performance of non-exempt work, specifically discretion lacking clerical duties including checking in patients, and processing payments and medical records requests.

8.

Throughout her employment, Plaintiff was paid on a salary basis and was not paid overtime compensation, calculated at one and one-half times her regular rate, for the hours she worked over 40 in workweeks.

9.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

10.

During the above referenced salary paid period, Plaintiff regularly worked more than 40 hours in given workweeks and was not paid overtime compensation at one and one-half times her regular rate for such hours worked over 40.

11.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

12.

Plaintiff was entitled to overtime compensation throughout her employment with Defendant.

13.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceeded $500,000 in 2016, 2017 and 2018. Defendant is and has been an employer subject to the FLSA's overtime requirements at all times relevant to Plaintiff's claims.

14.

Defendant knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without receiving overtime compensation at the required rate.

15.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

16.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over 40 hours in a workweek.

## Count I

## Violations of the Fair Labor Standards Act.

### 17.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

### 18.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of 40 hours in given workweeks.

### 19.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### 20.

Defendant's violations of the FLSA were willful and in bad faith.

### 21.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

22.

Defendant knew or had reason to know that Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

23.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)     Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E)     Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 16th day of May 2018.

                    **BARRETT & FARAHANY**

                    /s/ V. Severin Roberts
                    V. Severin Roberts
                    Georgia Bar No. 940504
                    Attorney for Plaintiff Iliana Gutierrez

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com