# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ILIANA GUTIERREZ ) | |
| ) | Civil Action No. |
| Plaintiff, ) | 1:18-CV-02178-MHC |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| STAR FAMILY HEALTHCARE AND ) | |
| WELLNESS CENTER, LLC, and ) | |
| HELEN UZOKWE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT STAR FAMILY HEALTHCARE AND WELLNESS CENTER, LLC AND DEFENDANT HELEN UZOKWE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant Star Family Healthcare and Wellness Center, LLC ("Defendant Star Family") and Defendant Helen Uzokwe and files this their Answer to Plaintiff's Amended Complaint and respectfully show the Court as follows:

### FIRST DEFENSE

Defendants assert that Plaintiff is not entitled to overtime compensation pursuant 29 U.S.C. §213(a)(1).

1

## SECOND DEFENSE

Defendants assert that Defendants are not in violation of 29 U.S.C. §207 because Plaintiff did not work in excess of forty (40) hours in any given workweek while employed by Defendant Star Family.

## THIRD DEFENSE

Defendants respond to the individually-numbered paragraphs of the Complaint as follows:

**I.   Nature of Complaint**

1.

Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that "Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein" contained in this paragraph and therefore deny the same. Defendants expressly deny that Defendants have engaged in unlawful employment practices.

2.

Defendants deny that Defendants failed "to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* during Plaintiff's employment with Defendants" as alleged in this paragraph of the Complaint. The remaining allegations contained

in this paragraph are legal conclusions and do not require Defendants to admit or deny such allegations.

## II. Jurisdiction and Venue

3.

Defendants admit the allegations contained in this paragraph.

4.

Defendants admit that Defendant Star Family is a Georgia limited liability company and resides in the Northern District of Georgia. Defendants admit that "Defendant Ozokwe is an owner of Defendant SFHCW" and resides in the Northern District of Georgia. Defendants admit that a substantial part of the alleged acts and omissions giving rise to Plaintiff's claims in this action occurred in this district. Defendants deny that venue in this Court is proper pursuant to 29 U.S.C. §1391 and state that venue is proper pursuant to 28 U.S.C. §1391(b). Defendants deny all allegations not expressly admitted.

## III. Parties and Facts

5.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph of the Complaint.

6.

Defendants admit that Plaintiff was employed by Defendant Star Family at Defendant Star Family's medical practice from approximately April 17, 2017 to April 16, 2018. Defendants deny all remaining allegations contained in this paragraph of the Complaint.

7.

Defendants deny the allegations contained in this paragraph of the Complaint.

8.

Defendants admit the allegations contained in this paragraph of the Complaint.

9.

Defendants admit that "Plaintiff was an employee of [Defendant Star Family], as that term has been [sic] by the FLSA." Defendants deny all remaining allegations contained in this paragraph of the Complaint.

10.

Defendants deny that during Plaintiff's term of employment with Defendant Star Family, Plaintiff "regularly worked more than 40 hours in given workweeks" as alleged in this paragraph of the Complaint. Defendants admit that during

Plaintiff's term of employment with Defendant Star Family, Plaintiff "was not paid overtime compensation at one and one-half times her regular rate for such hours worked over 40" as alleged in this paragraph of the Complaint.

11.

Defendants admit that Defendant Star Family is an "employer" as that term has been defined by the FLSA. Defendants deny all remaining allegations contained in this paragraph of the Complaint.

12.

Defendants deny the allegations contained in this paragraph of the Complaint.

13.

Defendants admit that Defendant Star Family is a private employer engaged in interstate commerce. Defendants admits that Defendant Star Family is an employer subject to the FLSA's overtime requirements for certain employees of Defendant Star Family at all times relevant to Plaintiff's claims. Defendants deny the remaining allegations contained in this paragraph of the Complaint.

14.

Defendants deny the allegations contained in this paragraph of the Complaint.

15.

Defendants admit the allegations contained in this paragraph of the Complaint.

16.

Defendants deny the allegations contained in this paragraph of the Complaint. By way of further response, Defendants state that Plaintiff was not entitled to "the overtime wage differential required by the FLSA, 29 U.S.C. §207."

17.

Defendants deny the allegations contained in this paragraph of the Complaint.

18.

Defendants deny the allegations contained in this paragraph of the Complaint.

19.

Defendants admit the allegations contained in this paragraph of the Complaint.

20.

Defendants deny the allegations contained in this paragraph of the Complaint.

21.

Defendants deny the allegations contained in this paragraph of the Complaint.

## Count I
## Violations of the Fair Labor Standards Act

22.

Defendants hereby re-allege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

23.

Defendants deny the allegations contained in this paragraph of the Complaint.

24.

The allegations contained in this paragraph are legal conclusions and do not require Defendants to admit or deny such allegations.

25.

Defendants deny the allegations contained in this paragraph of the Complaint.

26.

Defendants deny the allegations contained in this paragraph of the Complaint.

WHEREFORE, Defendant Star Family Healthcare and Wellness Center, LLC and Defendant Helen Uzokwe pray for the following relief:

A. That Plaintiff's Complaint against Defendants be dismissed with prejudice;

B. That all costs be cast upon Plaintiff;

C. That Plaintiff be ordered to pay Defendants all reasonable costs and attorney's fees in defending this action; and

D. That the Court award such further relief as is just and proper.

This the 23rd day of August, 2018.

                                  KPPB LAW

                                  */s/ Angelina Whitaker*
                                  Roy A. Banerjee
                                  Georgia Bar No. 035917
                                  Angelina Whitaker
                                  Georgia Bar No. 370141
                                  One Lakeside Commons, Suite 800
                                  990 Hammond Drive, NE
                                  Atlanta, Georgia 30328
                                  Telephone: (678) 443-2220
                                  rbanerjee@kppblaw.com
                                  awhitaker@kppblaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ILIANA GUTIERREZ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STAR FAMILY HEALTHCARE AND )<br>WELLNESS CENTER, LLC, and )<br>HELEN UZOKWE, )<br>)<br>Defendants. )<br>) | Civil Action No.<br>1:18-CV-02178-MHC<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2018, I electronically filed Defendants' Answer to Plaintiff's Amended Complaint with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

                                              */s/ Angelina Whitaker*
                                              Angelina Whitaker
                                              Georgia Bar No.: 370141
                                              KPPB LAW
                                              990 Hammond Drive, NE
                                              Suite 800
                                              Atlanta, Georgia 30328
                                              Phone: (678) 443-2220
                                              awhitaker@kppblaw.com